UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 02-20806-CV-UNASSIGNED/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

2.50 ACRES OF LAND, MORE OR LESS,
IN THE COUNTY OF DADE, STATE OF
FLORIDA; and SUN-RAND CO., AS
TRUSTEE, et al., and UNKNOWN OWNERS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Plaintiff's Joint Motion for the Entry of Stipulated Judgment as to Just Compensation **[D.E. 80]**, and Plaintiff's Motion to Dismiss Interested Parties and Motion for the Entry of Stipulated Judgment as to Just Compensation and Final Order of Distribution **[D.E. 81]**.

Upon review of the Motions **[D.E. 80, 81]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

On March 14, 2002, Plaintiff filed a Complaint in condemnation pursuant to declaration of taking against the Defendant property **[D.E. 3]** and deposited the sum of $1,250 in the registry of the Court representing the amount of estimated just compensation for the taking of the subject property. **[D.E. 1,3]**. Upon deposit of said amount into the registry of the Court, title to the subject property vested in the United States of America, by operation of law.

On Schedule "C" of the Complaint, Sun-Rand Land Company appears as the purported

owner of the subject property, and Sears, Roebuck & Co., Barnett Technologies, Inc., Pan American Hospital Corporation, General Motors Acceptance Corporation, American Express Travel Related Services Company, Inc., Adalberto Moreno, American Hospital of Miami, Inc., Universal Auto Brokers, Inc., Bank of America, N.A., Auto-Owners Insurance Company, David Santiesteban, PhD., Suntrust Bank, Associates Financial Services Company of Florida, Inc., Washington Mutual Bank, F.A., Florida Farm Bureau Mutual Ins. Co., First Union National Bank, State Farm Mutual Automobile Insurance Company, Internal Revenue Service, State of Florida - Dept. of Revenue, and the Miami-Dade County Tax Collector - South Dade Branch, appear as parties "who may have or claim an interest in the land." **[D.E. 1]**.

Plaintiff filed the instant Motion to Dismiss Interested Parties and Motion for the Entry of Stipulated Judgment as to Just Compensation and Final Order of Distribution **[D.E. 81]** on December 6, 2007.

According to Plaintiff, Defendant Sun-Rand Land Company's purported interest comes by virtue of a Quit-Claim Deed dated July 24, 2000 and recorded on July 25, 2000 at Official Record Book (hereinafter "O.R.B.") 19210 at Page 868 conveying the above-described property from Jennifer Sonson, Trustee and individually (party of the first part) to Sun-Rand Land Company, as Trustee ( second party). **[D.E. 81-1 Ex.2]**.   This conveyance resulted after several tax deeds and a public sale.

The subject property was originally acquired by way of a Warranty Deed on April 7, 1978. Same was recorded at O.R.B. 9998 Page 1835 of the Public Records of Dade County, Florida, conveying the property from Miami South Dade Properties, Inc., grantor, to Raul E. Carmona and Jose E. Lopez, grantees, whose address is 3501 Anthony Drive, Las Vegas, Nevada 89121. **[D.E.**

**1, Ex. A]**.  On September 15, 1998, a Tax Deed was recorded at O.R.B. 18283 Page 2881.  A duly noticed public sale was held on August 2, 1994. **[D.E. 81-1, Ex. B]**.  Neither former landowner, Carmona or Lopez appeared. See Id. at Ex. C.  Ultimately, Whitehall-Chambers Brothers Rock and Sand Corp. (hereinafter "Whitehall-Chambers"), the highest bidder, acquired the property. Whitehall-Chambers paid and/or redeemed all other taxes or sales certificates on the subject property prior to the issuance of the tax deed.  At that time Whitehall-Chambers became the sole owner of the subject property.

On February 22, 2000, a Quit-Claim Deed (dated January 28, 2000) was recorded at O.R.B. 18993 Page 654 conveying the subject property from Whitehall-Chambers to the Sun Land Company (party of the first part) and Jennifer Sonson (second party).  See Id. at Ex. E.  The above noted conveyance from Jennifer Sonson, Trustee and individually (party of the first part) to Sun-Rand Land Company, as Trustee ( second party) followed.

Plaintiff claims that the Party Defendants'[1] purported interest is as follows:
Pan American Hospital Corporation (by virtue of a Final Judgment against Jose Lopez and Aleida Lopez recorded at O.R.B. 15845, Page 3501) General Motors Acceptance Corporation (by virtue of Final Judgments against Jose Lopez and Marlene Lopez, and Jose Lopez, Jr., recorded at O.R.B. 15827, Page 0420) American Express Travel Related Services Company, Inc. (by virtue of a Final Judgment against Jose Lopez, SSN xxx-xx-2578, recorded at O.R.B. 13499 Page 294), Adalberto Moreno (by virtue of Final Judgment entered against Jose Lopez, recorded at O.R.B. 13096 Page 3760), American Hospital of Miami, Inc. (by virtue of Final Judgments against Jose Lopez and

---

[1] Defendants Sears Roebuck & Co. and Suntrust Bank have filed disclaimers. See **[D.E. 39, 45, 74]**.  The Internal Revenue Service has also filed a disclaimer. **[D.E. 79]**.  Dismissals have been entered for all disclaiming Defendants **[D.E. 75, 83 ]**.

3

Teresa Lopez recorded at Official Record Book 12846 Page1812, and O.R.B. 12257 Page 788), Universal Auto Brokers, Inc. (by virtue of a Final Judgment by Default against Jose Lopez, and Pices Auto Wholesale, Inc., recorded at O.R.B. 12493, Page 1818), Bank of America, N.A. f/k/a Intercontinental Bank (by virtue of Final Judgments against Jose Lopez, recorded at O.R.B. 12461 Page 2036 and O.R.B. 12121 Page 418), Auto-Owners Insurance Company (by virtue of Final Judgment against Jose Lopez, recorded at O.R.B. 12317 Page 2218), David Santiesteban, PhD. (by virtue of Final Judgment against Esther Lopez and Jose Lopez, recorded at O.R.B. 11716 Page 1605), Associates Financial Services Company of Florida, Inc. (by virtue of Final Judgment against Jose E. Lopez a/k/a Jose Enrique Lopez, recorded at O.R.B. 12950 Page 1026) , Washington Mutual Bank, F.A. f/k/a Amerifirst Federal Savings & Loan (by virtue of a Stipulated final Judgment against Jose Lopez, recorded at O.R.B. 12946 Page 670), Florida Farm Bureau Mutual Ins. Co. (by virtue of Final Judgment against Jose E. Lopez, d/b/a "Eddy's Painting" recorded at O.R.B. 12893 Page 4188), First Union National Bank f/k/a Southeast Bank ( by virtue of Final Judgment against Jose E. Lopez and Aracely Lopez, recorded at O.R.B. 11962 Page1132), State Farm Mutual Automobile Insurance Company (by virtue of Final Default Judgment against Joseph Lopez, recorded at O.R.B. 17437 Page 2408, and the State of Florida - Dept. of Revenue (by virtue of Warrants for Collection of Delinquent Sales Taxes against Jose Lopez, recorded at O.R.B. 13676 Page 1028, O.R.B. 11715 Page 514 O.R.B. 11812 Page 1567, O.R.B. 11989 Page 2020, O.R.B.12107 Page 2657, O.R.B. 1223 Page 513, O.R.B. 12427 Page 514, O.R.B. 12581 Page767, O.R.B. 12732 Page 379, O.R.B. 13051 Page 44, O.R.B. 13125 Page 1519, O.R.B. 13247 Page 1820, O.R.B. 11850 Page 2818, O.R.B. 12420 Page 1441, O.R.B. 12697 Page 1042, O.R.B. 12846 Page 1049, O.R.B. 12846 Page 1049,O.R.B. 13051 Page 3089, O.R.B. 12754 Page 1518, O.R.B. 12973 Page 127,

O.R.B.12337 Page 931, O.R.B. 12465 Page 424, O.R.B. 11651 Page 2041, O.R.B. 11790 Page 1673, O.R.B. 11936 Page 172, O.R.B.12066 Page 285, O.R.B. 12178 Page 3401, O.R.B. 12306 Page 493, O.R.B. 12056 Page 1233, O.R.B.12766 Page 485, and O.R.B. 13114 Page 4324), all recorded in the Public Records of Miami-Dade County.

Service of process was executed (by way of process server) on Barnett Technologies, Pan American Hospital, General Motors Acceptance Corporation, American Express Travel Related Services, Co., American Hospital of Miami, Bank of America, N.A., Auto -Owner Insurance Co., Associates Financial Services Company of Florida, Inc., Washington Mutual Bank, First Union bank and State Farm Mutual Automobile Insurance Company. Service was also attempted on Defendants A. Moreno, Universal Auto Brokers, Inc., D. Santiesteban, and Florida Farm Bureau Mutual Insurance. The Returns of Service were returned as "un-executed noting that the persons or entities were "unknown" at the respective addresses. See **[D.E. 10, 16-17]**. Plaintiffs made further attempts to notify these Defendants by way of several publications in the Daily Business Review. **[D.E. 66]**.

The only Answers recorded in the court file are those of Defendants General Motors Acceptance Corporation **[D.E. 40]**, American Hospital of Miami, Inc. **[D.E. 25]**, the State of Florida **[D.E. 24]**, and the Miami-Dade County Tax Collector **[D.E. 48]**. Most, if not all of the Answers, assert a general claim, but admit to having no knowledge of this action.

Plaintiff takes no position as to either entitlement or distribution of the funds in question. However, based upon its due diligence and for the reasons stated in its Motions **[D.E. 80, 81]**, Plaintiff argues that the Court should dismiss the Party Defendants from this action. The undersigned agrees.

First, Plaintiff correctly notes that the former landowner of the subject property, "Jose E.

5

Lopez," was a resident of Las Vegas, Nevada. The "Jose Lopez" listed in the above-noted liens resides in Miami, Florida. It is entirely possible that the "Jose E. Lopez" listed in the liens described *supra* is not the same individual as the former landowner. Secondly, the instant motions **[D.E. 80 & 81]** were filed on or about December 6, 2007. Neither of the Party Defendants have responded or objected to the motions.

On January 15, 2008, this Court entered an Order giving the parties yet another opportunity to file any opposition by February 15, 2008. See **[D.E. 90]**. The Order clearly states "If any of the Party Defendants fail to respond to this Order, this Court will presume they have no interest in the subject property." Id. (emphasis in original). No responses have been filed as of the date of this Report.

Further, the tax deeds extinguished any and all interest held by Raul E. Carmona and Jose E. Lopez to the subject property. The interested parties are in this litigation by virtue of judgments and/or liens that predate the date of the tax sale.[2] Accordingly, those interests were extinguished by the tax deeds noted *supra*. See U.S.A. v. Marion County, 826 F. Supp. 1400 (M.D. Fla. 1993)(noting that the procurement of a valid tax deed extinguishes former record title and creates in the new purchaser a new, independent, and paramount title). Here, the record shows that Defendant Sun-Rand Land Co. is the rightful owner of the subject property.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that the Motion to Dismiss **[D.E. 81]** be **GRANTED**. It is **FURTHER RESPECTFULLY RECOMMENDED** that the Joint Motion for the Entry of Stipulated Judgment as to Just Compensation **[D.E. 80]** be **GRANTED**.

---

[2]This Court takes Judicial Notice of the Public Records, including, but not limited to, liens, final judgments, tax certificates, tax sales, public sales and warranty deeds, incorporated into the instant Motions.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, Chief United States District Judge.  Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein.  Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 10th day of June  2008.

**William C. Turnoff**
**United States Magistrate Judge**

cc: Hon. Federico A. Moreno, Chief United States District Court Judge
Service List